**IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JANE DOE [Pseudonymous Designation]<br>C/O Barkan & Robon Ltd.<br>1701 Woodlands Drive<br>Suite 100<br>Maumee, Ohio 43537,<br><br>        Plaintiff,<br><br>v<br><br>JAY NIRBAN<br>7370 Parkridge Boulevard, #310<br>Irving, Texas 75063,<br><br>        Defendant. | Case No. _____<br><br>Honorable _____<br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**<br><br>Zachary J. Murry (P73565)<br>BARKAN & ROBON LTD.<br>1701 Woodlands Drive<br>Suite 100<br>Maumee, Ohio 43537<br>Phone:  (419) 897-6500<br>Fax:    (419) 897-6200<br>zmurry@barkan-robon.com<br><br>*Attorney for Plaintiff* |

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

Now come Plaintiff Jane Doe, by and through her attorneys Zachary J. Murry and Barkan & Robon, LLC, hereby states her Complaint against Jay Nirban ("Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This case involves multiple and egregious sexual assaults perpetrated against the Plaintiff by Defendant Jay Nirban.

2. The acts of sexual assault and battery were inflicted upon Plaintiff while she was a minor child, the first assault occurring in 2016, when Plaintiff was only 13 years of age.

3. The attacks occurred in multiple locations in Washtenaw County, Michigan and over a period of years.

4. The harm suffered by Plaintiff, as set forth herein and as will be proved at trial, was further exacerbated by the familial relationship between the Plaintiff and Defendant Jay Nirban.

5. Indeed, and as described below, Defendant Jay Nirban abused the position of trust enjoyed that he enjoyed as an older cousin of Plaintiff in order to commit violent and tortious actions against the Plaintiff and to avoid detection of his misconduct.

**6.** As a direct and proximate result of the injuries inflicted upon her, Plaintiff has suffered significant and permanent damages and endured tremendous pain and suffering.

## PARTIES AND JURISDICTION

7. Plaintiff is, and at all relevant times was, a Michigan resident.

8. Defendant Jay Nirban is a resident of the State of Texas.

9. This Court has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. §1332(a)(1) in that Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1) because all the harms inflicted upon Plaintiff, and actions giving rise to her claims, occurred in this judicial in this judicial district.

## FACTS

A.      The Pittsfield Township Assault

11.      In March 2016, Plaintiff was an eighth-grade student at Saline Middle school and thirteen (13) years of age.

12.      One day, Plaintiff's parents arranged for the Defendant Jay Nirban to pick her up from the school library. Defendant Nirban was residing in Washtenaw County, Michigan at that time and was twenty-two (22) years of age.

13.      On the drive from the library to Plaintiff's family home in Pittsfield Township, Defendant Nirban began to touch her inner thigh. Plaintiff pushed his hand away and believed that was the end of the incident.

14.      Once the Plaintiff and Defendant arrived at the Plaintiff's home, Defendant Nirban followed her inside for a drink of water.

15.      Plaintiff went upstairs to put her backpack in her room and as she turned around, Defendant Nirban was standing there, directly behind her.

16.      Forcefully and suddenly, Defendant Nirban lunged forward, pushed her on the bed, shut the bedroom door and climbed on top of the Plaintiff.

17.      This was extremely frightening for the 13-year-old Plaintiff.

18.      Before Plaintiff was able to process what was happening, Defendant Nirban was pulling her pants and underwear down while trying to lift up Plaintiff's shirt.

19.      Defendant Nirban was unable to get Plaintiff's shirt off as she struggled against him.

20.      Defendant Nirban then attempted to rape the Plaintiff.

21. Since Plaintiff continued to struggle against him, Defendant was unable to fully insert his penis into her vagina.

22. Defendant Nirban then restrained Plaintiff and inserted his fingers into Plaintiff's vagina.

23. Plaintiff felt intense pain and terror. In complete shock she froze.

24. Defendant Nirban continued to assault Plaintiff before ultimately ejaculating on Plaintiff's sweatshirt.

25. Defendant Jay Nirban then released the Plaintiff and left the room. Plaintiff immediately ran to her bedroom door and locked it. She then sat traumatized in her room for several hours.

26. Due to the familial relationship between Plaintiff and Defendant Jay Nirban, Plaintiff was scared and unable to inform her family of the assault after it happened. Further, her tender years and the magnitude of the injury inflicted upon her caused her to dissociate and repress the event.

27. In addition, Plaintiff attempted to avoid any interaction with Defendant Nirban.

**B.    The Ann Arbor Assault**

28. The second assault occurred in Fall 2017 when Plaintiff was fifteen (15) years old. Defendant Nirban was twenty-four (24) years old.

29. The assault occurred in Ann Arbor, Washtenaw County, Michigan.

30. Plaintiff and Defendant Nirban's shared grandparent was having health issues and was located in Memphis, Tennessee. Both the Plaintiff and Defendant's parents traveled to Memphis to visit him.

31. While the parents were in Memphis, Plaintiff decided to stay with some friends in Saline, Michigan. The family that she was staying with decided to invite Defendant Nirban for dinner. Afterwards Defendant Nirban suggested that Plaintiff, along with another cousin, stay at his house for the night.

32. Plaintiff was fraught with anxiety about the invitation due to the prior sexual assault. Plaintiff declined the invitation several times.

33. However, the cousin and family friend convinced her that it would be good for the family to be together during the difficult time.

34. Plaintiff was eventually coerced into going to Defendant Nirban's house for the night. The family friend and cousin were not aware of the prior sexual assault perpetrated against Plaintiff.

35. It was planned that the Defendant was going to sleep in his parents' room, and the Plaintiff would be sleeping in a separate bedroom along with her other cousin.

36. Plaintiff decided to go to bed before the other cousin, so she was alone in the bedroom with the door closed.

37. As the Plaintiff drifted off to sleep, she heard the door open and assumed it was the other cousin coming to bed.

38. Suddenly, the Plaintiff realized that Defendant Nirban had entered the room and climbed on top of her.

39. Defendant Nirban lifted her shirt and grabbed her breasts. Defendant Nirban attempted to kiss her, and Plaintiff struggled to escape.

40. Plaintiff Patel was kicking and fighting as hard as she could and luckily was able to get free, make it to the bathroom and lock the door.

41. Plaintiff Patel remained locked in the bathroom all night until the next morning when her friend's family came to pick her up.

42. Defendant Nirban had left the house at that time, so Plaintiff did not have any further contact with the Defendant at that time.

43. It was not until Plaintiff graduated high school and was attending college that she was, with assistance, able to process the harms inflicted upon her and fully recall what had occurred.

44. Following the full recollection of the sexual violence inflicted upon her, Plaintiff informed her family.

45. This revelation set off intense discussion amongst the family of the Plaintiff and Defendant Nirban.

46. An intervention/family meeting was held whereat Defendant Nirban affirmatively admitted to committing sexual assault and battery against the Plaintiff.

47. Plaintiff also made report of the incidents of sexual assault and battery to authorities in Ann Arbor and Pittsfield.

48. As a result of Defendant's horrific tortious misconduct, Plaintiff has suffered severe personal injuries, pain suffering, and other damages, in an amount to be proven at trial, in excess of $75,000.00.

49. Defendant Jay Nirban's actions also represent a shocking disregard for the rights, safety, and bodily autonomy of the Plaintiff, thereby entitling the Plaintiff to an award of exemplary damages in an amount sufficient to punish the Defendant and set an example of him to deter such conduct in the future.

**FIRST CAUSE OF ACTION**
**(Criminal Sexual Battery and Assault)**

50. Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

51. Defendant Jay Nirban's actions constitute criminal sexual assault and battery under Michigan law.

52. Defendant engaged in sexual assault, including but not limited to genital and digital penetration, of the Plaintiff while she was a minor child between the age of 13 and 16.

53. The sexual assaults and batteries inflicted upon the Plaintiff were violent acts, undertaken by Defendant Jay Nirban with the express intent to injure the Plaintiff.

54. Defendant Jay Nirban is related to the victim by blood to the fourth degree and utilized the position of familial trust to inflict grievous and permanent harm upon the Plaintiff.

55. Intentional infliction of emotional distress

**SECOND CAUSE OF ACTION**
**(Punitive Damages-All Defendants)**

56. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

57. Defendant's acts were willful and malicious in that Defendant's conduct was carried out with a conscious disregard for the rights, safety, and health of Plaintiff and were a direct attack upon her bodily autonomy.

58. Defendant's conduct thereby warrants an assessment of exemplary damages against each Defendant in an amount appropriate to punish Jay Nirban and to set an example of them.

WHEREFORE, Plaintiffs pray for Judgment against Defendant Jay Nirban as follows:

    A.    For an award of her damages, to be proven at trial, in excess of $75,000.00

    B.    For an award of her reasonable costs and attorney fees incurred in this action;

    C.    For pre- and post-judgment interest;

    D.    For an award of exemplary damages in an amount sufficient to punish the Defendant and to deter such conduct, in an amount to be proven at trial, in excess of $75,000.00; and

    E.    For such other and further relief at law or in equity as may be just and proper.

Dated: March 5, 2025        Respectfully submitted,

BARKAN & ROBON LTD.

By: /s/Zachary J. Murry
Zachary J. Murry (P73565)
1701 Woodlands Drive
Suite 100
Maumee, Ohio 43537
Phone: (419) 897-6500
Fax:   (419) 897-6200
zmurry@barkan-robon.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 5, 2025        Respectfully submitted,

BARKAN & ROBON LTD.

By: /s/Zachary J. Murry
Zachary J. Murry (P73565)