## IN THE UNITED STATE DISTRICT COURT FOR THE
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE [Pseudonymous Designation]<br>C/O Barkan & Robon Ltd.<br>1701 Woodlands Drive<br>Suite 100<br>Maumee, Ohio 43537,<br><br>         Plaintiff,<br><br>v<br><br>JAY NIRBAN<br>7370 Parkridge Boulevard, #310<br>Irving, Texas 75063,<br><br>      Defendant. | Case No. _____<br><br>Honorable _____<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR A PROTECTIVE ORDER**<br><br>**AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Zachary J. Murry (P73565)<br>BARKAN & ROBON LTD.<br>1701 Woodlands Drive<br>Suite 100<br>Maumee, Ohio 43537<br>Phone:  (419) 897-6500<br>Fax:    (419) 897-6200<br>zmurry@barkan-robon.com<br><br>*Attorney for Plaintiff* |

Plaintiff Jane Doe (hereinafter "Plaintiff" or "Doe"), by and through her undersigned counsel, and pursuant to Federal Rules of Civil Procedure 5.2 and 26(c), respectfully move this Court for an order granting her leave to proceed under pseudonym and for entry of a protective order limiting disclosure of her identity to counsel for Defendants. In support of her cause, Plaintiff states as follows:

1. Plaintiff has, contemporaneously herewith, filed a Complaint against Defendant Jay Nirban alleging that the Defendant committed sexual assault against her while she was a minor child. Under the spirit of Federal Rule of Civil Procedure 5.2(a), Plaintiff is entitled to proceed under initials because as the tortious actions occurred during her minority. In addition, Plaintiff also they seeks to proceed under pseudonym to further protect her identity and to prevent undue harassment, discrimination, and violence because of the familial and cultural relationship of the Plaintiff and Defendant.

2. Because the privacy rights of the Plaintiff outweigh the presumption of openness in federal courts, the Plaintiff should be allowed to proceed under pseudonym. In addition, the Court should also enter a protective order limiting the disclosure of Plaintiff's identity exclusively to defense counsel and the Defendant himself.

3. The basis for the Plaintiff's Motion is more fully set forth in the accompanying memorandum, which is incorporated herein by reference.

 WHEREFORE, Plaintiff prays the Court grant her Motion and allow her to proceed in this action under pseudonym.

Dated: March 5, 2025    Respectfully submitted,

        BARKAN & ROBON LTD.


        By: _/s/Zachary J. Murry_____
        Zachary J. Murry (P73565)
        1701 Woodlands Drive
        Suite 100
        Maumee, Ohio 43537
        Phone:  (419) 897-6500
        Fax:    (419) 897-6200
        zmurry@barkan-robon.com

        *Attorney for Plaintiff*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'<br>MOTION TO PROCEED UNDER PSEUDONYM</u>

Plaintiff Jane Doe, by and through her counsel, hereby submits the following Memorandum in further support of her Motion to Proceed Under Pseudonym and states as follows:

## I.    INTRODUCTION

Plaintiff Jane doe has filed this lawsuit seeking justice for the sexual violence inflicted upon her by her cousin Defendant Jay Nirban while the Plaintiff was just 13 years old. Plaintiff seeks leave to proceed under pseudonym (as opposed to initials) to protect her privacy and safety as minors and to avoid exposure to discrimination and harassment. This case involves her highly private and confidential medical and personal information. In addition, the cultural aspect of this case further supports the Plaintiff's use of pseudonyms as the Parties' shared Indian and familial connection would expose the Plaintiff to harassment and shame, simply for attempting to vindicate her rights under the law.

Plaintiff has no objection to providing her legal names to counsel for Defendant and the Court. Plaintiff also does not intend to prevent the public from having access to the Court's rulings or observing the proceedings of this Court under adequate protections. She wants only to prevent public disclosure of her identity.

Accordingly, Plaintiff respectfully asks this Court for leave to proceed under pseudonym to protect her identity from public disclosure and for a protective order limiting disclosure of disclosure of her identity to counsel for Defendants.

## II.     ARGUMENT

In general, a complaint must state the names of all parties. *See* FED. R. CIV. P. 10(a).  But "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). In particular, Rule 5.2 specifically recognizes the need to protect a minor's identity. *See* FED. R. CIV. P. 5.2(a)(3). Federal Court has allowed plaintiffs to proceed anonymously "where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name." *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998) (quoting *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)). Although "identifying a plaintiff only by a pseudonym is an unusual procedure," it is appropriate "where there is an important privacy interest to be recognized" and is "subject to a decision by the judge as to the need for the cloak of anonymity." *Lindsey v. Dayton-Hudson Corp*., 592 F.2d 1118, 1125 (10th Cir. 1979).

To determine whether a plaintiff may proceed anonymously, the court may use "informed discretion" to weigh a plaintiff's right to privacy against the countervailing public interest in disclosure. *M.M.*, 139 F.3d at 803. Among other factors, courts consider: (1) whether the claims "involv[e] matters of a highly sensitive and personal nature," *Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *M.M.*, 139 F.3d at 803; (2) whether the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *M.M.*, 139 F.3d at 803 (quoting *Doe*, 951 F.2d at 324); or (3) whether identification creates a risk of "real danger of physical harm." *Id*. Each of these factors weighs heavily in favor of allowing a Plaintiff to proceed under pseudonym. Other factors unique to the circumstances of this case, including the risk of bullying and harassment from family or members of the Indian-American

-4-

community and the resulting emotional distress further supports granting leave for Plaintiff to proceed anonymously.

In addition, Federal Rule of Civil Procedure 26(c) specifically permits the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party. The granting of a protective order under Rule 26(c) requires a showing of good cause by the movant, which Plaintiff has shown here.

### A.   Granting Plaintiff's Request to Proceed Under Pseudonym is in the Public Interest and Would Cause <u>No Prejudice</u> to the Defendant.

Rule 5.2(a) requires the use of initials in court filings to protect the identities of minors unless they affirmatively waive that protection. *See* FED. R. CIV. P. 5.2(a)(3), 5.2(h). Courts also may enter an order requiring the redaction of "additional information," including initials, upon a showing of "good cause." FED. R. CIV. P. 5.2(e). Recognizing the "heightened protection" appropriate for minor plaintiffs, *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004), courts frequently allow minor plaintiffs to proceed under pseudonyms. *Id*.; *see also Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of children"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("the youth" of plaintiffs is often "a significant factor in the matrix of considerations arguing for anonymity" and finding the plaintiffs' youth to be an "especially persuasive" factor justifying anonymity); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *5 (S.D. Cal. Dec. 20, 2017) ("'[C]hild-plaintiffs' are deemed to be especially vulnerable, warranting their anonymity.").

The harm alleged in this case occurred when the Plaintiff was just 13 years of age. In addition to the injuries suffered, this Court should not force Plaintiff to endure the public exposure of the harm visited upon her minor self, and be subject to societal stigma as a result

thereof. Such a result comports with the spirit and precedential application of 5.2. *See, e.g., See Doe ex rel. Doe v. Elmbrook Sch. Dist*., 658 F.3d 710, 724 (7th Cir. 2011), *vacated on other grounds*, 687 F.3d 840 (7th Cir. 2012) (allowing parents and minors to proceed under pseudonyms). *See also, Doe v. Banos*, 713 F. Supp. 2d 404, 407 (D. N.J. 2010) (stating that the pseudonym of father and daughter was "used to protect the identity of a 15-year-old minor."); *Stegall*, 653 F.2d at 186; *Porter*, 370 F.3d at 561.

Indeed, forcing the Plaintiff to disclose her identity in this case as she seeks to assert her rights under the laws of the State of Michigan would dissuade other similarly situated individuals from bringing such claims. *Cf. Doe v. Stand. Ins. Co*., No. 1:15–cv–00105–GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) ("To deny Plaintiff's request under the circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but might also discourage others ... from asserting their claims.").

Plaintiffs does not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case. Plaintiff's request is narrowly tailored to prevent only the public disclosure of the Plaintiff's identity. Where, as here, the "public will have access to the facts relevant to the parties' arguments and the Court's ultimate decision in the case, an order permitting Plaintiff to proceed under a pseudonym will not unreasonably interfere with the public's interest in access to judicial records and will promote the public's interest" by protecting every individual's constitutional rights. *Id*.

Furthermore, Plaintiff  does not seek to withhold her identity from Defendant, his counsel, or the Court, but only to proceed pseudonymously to prevent disclosure of Plaintiff's identity in public documents. Allowing Plaintiff to proceed under pseudonym will not prejudice Defendants as Defendant is already aware of the Plaintiff's identity. *See, e.g., Doe v. United*

*Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (granting motion to proceed under pseudonym where defendant "already [knew] Doe's true identity").

**B.      Permitting Plaintiff to Proceed Under Pseudonym Prevents the Disclosure of Highly Sensitive Information and Prevents Harassment of the Plaintiff**

This case alleges multiple acts of sexual violence being inflicted upon the Plaintiff by the Defendant. This case is intensely personal to Plaintiff and will require inquiry into Plaintiff's private medical history and experiences. Federal Courts have repeatedly recognized that "confidential medical information is entitled to constitutional privacy protection," *A.L.A. v. W. Valley City*, 26 F.3d 989, 990 (10th Cir. 1994), and a right to privacy exists in the non-disclosure of personal information, including confidential medical information. *See Royce v. Veteran Affs. Reg'l Off.*, No. 08–cv–01993–KMT– KLM, 2009 WL 1904332, at *7 (D. Colo. July 1, 2009) (citing *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000)); *cf. Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 549 (D.N.J. 2006) (noting that "many courts have recognized pseudonym use" in cases involving mental health).

Plaintiff has a right to privacy for her personal medical information and is entitled to protection from public disclosure.

Finally, cultural and gender considerations further support allowing Plaintiff to file under pseudonym. Plaintiff's status as a young, Indian-American, female creates significant risk that Plaintiff's bravery in asserting her claims will result in her suffering harassment and possible physical harm if she is not allowed to proceed under pseudonym. Real danger of physical harm is an "exceptional circumstance[] warranting some form of anonymity in judicial proceedings." *Femedeer*, 227 F.3d at 1246; *M.M.*, 139 F.3d at 803; *see also Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017).

Plaintiff should not be punished for exercising her constitutional rights to seek justice through our federal judicial system. Good cause exists to permit the granting of the Plaintiff's Motion and entry of an order allowing her to proceed under pseudonym.

The Court should do the same here.

III.   **CONCLUSION**

All relevant consideration support the granting leave for the Plaintiff to proceed under pseudonyms. Granting this motion will not prejudice Defendants or the public. In sum, "this is an exceptional case where the need for anonymity outweighs the public interest" in disclosing the identities of the Plaintiff.

For these and the foregoing reasons, Plaintiff respectfully request that the Court grant her motion to proceed under pseudonyms and for a protective order limiting disclosure of her identity to counsel for Defendants.

Dated: March 5, 2025                          Respectfully submitted,

                                              BARKAN & ROBON LTD.


                                              By: /s/Zachary J. Murry_____
                                              Zachary J. Murry (P73565)
                                              1701 Woodlands Drive
                                              Suite 100
                                              Maumee, Ohio 43537
                                              Phone:  (419) 897-6500
                                              Fax:    (419) 897-6200
                                              zmurry@barkan-robon.com

                                              *Attorney for Plaintiff*