UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,        Case No. 2:25-cv-10610

v.        Honorable Susan K. DeClercq
        United States District Judge

JAY NIRBAN,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR A PROTECTIVE ORDER (ECF No. 2)**

On March 5, 2025, Plaintiff filed a complaint against Jay Nirban, alleging sexual assault and battery. ECF No. 1. Though she is now an adult, Plaintiff was a minor at the time she was allegedly assaulted. *Id.* The same day that she filed her complaint, she also filed a motion to proceed under a pseudonym, Jane Doe, and for a protective order "limiting the disclosure of Plaintiff's identity exclusively to defense counsel and the Defendant himself." ECF No. 2 at PageID.17.

As of the filing of Plaintiffs' motion, Defendant has not yet been served in this matter. As such, he has not been afforded an opportunity to respond or oppose the motion. This Court recognizes the potential sensitivity of this case, which, like many tort cases, alleges distressing facts. Further, this Court acknowledges that a denial at this stage could not effectively be reconsidered after service; once the

Plaintiff's name is in the public record, such an action cannot be undone. However, this Court also acknowledges that Defendant should be given the opportunity to respond, especially if there are any concerns as to the public's access to the courts.

The Sixth Circuit established that courts have the discretion to allow the use of pseudonyms where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In reaching this determination, courts should consider:

> (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* At this stage, it appears that at least the second of these criteria applies to Plaintiff. In light of the sensitivity of the claims as alleged, as well as Plaintiff's allegation that she could be subject to bullying, harassment, and violence from her community should her identity be made public, it is appropriate to allow Plaintiff to proceed in this litigation under a pseudonym at this stage in the case. After service upon Defendant, the issue may be reraised by either party.

That said, this Court finds that the entry of a protective order at this stage could prejudice Defendant's ability to litigate this matter effectively, and Plaintiff has not shown that the need for such an order outweighs that prejudice to Defendant. The request for a protective order will be denied at this stage.

Accordingly, the Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**, as follows:

(a) The motion is **GRANTED** to the extent that Plaintiff requests to proceed under a pseudonym, Jane Doe;

(b) The motion is **DENIED** to the extent that Plaintiff seeks a protective order limiting the disclosure of her identity to only Defendant and his counsel.

**IT IS FURTHER ORDERED** that:

(a) The Parties shall refer to Plaintiff by the pseudonym "Jane Doe" in all filings and public proceedings;

(b) All Parties shall submit pleadings, briefing, and evidence using Plaintiff's pseudonym instead of her real name or other personally identifying information; and

(c) Either Party may reraise the issue of pseudonyms after Defendant has been served.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 12, 2025